UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

ANGELA SPINELLI and OLINVILLE
ARMS, INC.,

               Plaintiffs,

   - against -

CITY OF NEW YORK and PASQUALE
CARABELLA, NEW YORK CITY POLICE
SARGEANT,

               Defendants.

----------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/10
```

02 Civ. 8967 (RWS)

OPINION

**Sweet, D.J.**


      This case arose from the New York City Police Department's ("NYPD's") decision on October 9, 2001 to suspend the licenses of Plaintiff Olinville Arms to sell guns and manage a gun range. While the gun range license was restored the following day, the vending license was not restored for 58 days, and Plaintiffs due process rights to a post-deprivation hearing were violated. See Spinelli v. City of New York, 579 F.3d 160, 174 (2d Cir. 2009).


      In letters dated October 12, 2010 and October 19, 2010, Plaintiffs and Defendants, respectively, moved the Court to determine when Defendants should have given Plaintiffs a post-deprivation hearing to determine the propriety of depriving

Olinville Arms of its license to sell firearms.  For the following reasons, the Court has determined that the post-deprivation hearing should have been given within 30 days of the NYPD's seizure of Plaintiffs' license.

**Discussion**

The determination of when a post-deprivation hearing should take place is determined on a case-by-case basis.  Federal Deposit Ins. Corp. v. Mallen, 486 U.S. 230, 242 (1988). The Court must consider three factors in making its determination: "[1] the importance of the private interest and the harm to this interest occasioned by delay; [2] the justification offered by the Government for delay and its relation to the underlying governmental interest; and [3] the likelihood that the interim decision may have been mistaken." Id.

Addressing the first Mallen factor, Plaintiffs contend that they were deprived of their ability to make a living when their licenses were suspended.  The liberty interest one has in pursuing one's livelihood is a strong one.  Mallen, 486 U.S. at 243 (citing Brock v. Roadway Express, Inc., 481 U.S. 252, 263 (1987); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 543 (1985)). Furthermore, the Second Circuit noted that the Plaintiffs' private interest in this case was significant.  Spinelli, 579 F.3d at 173

("in this case the private interest was strong, and the City's delay in providing Spinelli with a prompt hearing while her business was closed threatened significant financial loss over an extended period."). However, Plaintiffs were not deprived of their ability to run their entire store. Rather, the license revocation affected only the gun vending and, for a brief period, gun range parts of their business. Still, given the significance of the interest in one's occupation, this factor falls in favor of Plaintiffs.

Turning to the second Mallen factor, Defendants justify their delay by invoking the September 11, 2001 terrorist attacks. Those attacks affected the NYPD Licensing Division's ability to conduct its regular business. The Division's phones were inoperable for weeks after the attacks, its officers were reassigned to various locations, and the NYPD Headquarters, where it was located, were closed to the public. In this atmosphere, the NYPD would be justifiably delayed in providing a post-deprivation hearing to Plaintiffs.

Regarding the final Mallen factor, Plaintiffs claim that the NYPD's decision to seize Plaintiffs' license and goods was "arbitrary" and accompanied by an "ambiguous" and constitutionally deficient notice. Pl. Oct. 12, 2010 Letter at 3. Plaintiffs claim that the store had been in the same condition for years without

issue and that the NYPD suspended its gun range license only to reinstate it the next day.  Plaintiffs also contend that the NYPD revoked Plaintiffs' license so that it would not need to devote manpower to securing the store under the NYPD's Omega Watch program.  Id.  Defendants strenuously deny this allegation, as well as Plaintiffs' claims that the NYPD acted arbitrarily.

In its opinion in this case, the Second Circuit noted that "the record demonstrates that the City had sufficient cause to take 'prompt action' to address the security infractions at Olinville observed by Officer McSherry. Spinelli, while downplaying these infractions, has never disputed them, and indeed, took strong measures to remedy them."   Spinelli, 579 F.3d at 171.   This language suggests that the NYPD was not mistaken in its assessment of Olinville's security, but it is not conclusive as to the risk of a mistake by the police.

The license revocations at issue were the result of an inspection by a NYPD officer made in a time of heighted security concerns (which may explain why the NYPD chose to act on security issues Plaintiffs claim had existed for some time).   The facts indicate a small likelihood that the NYPD's decision may have been mistaken.

There is no rule or regulation which provides the period of time within which the City must grant plaintiffs deprived of a gun vending license a post-deprivation hearing. Though 38 Rules of the City of New York §§ 1-04(i) and 1-04(l) provide that a firearm dealer must contest a suspension of his or her license within thirty days, the Rules are silent as to when the NYPD License Division must then provide a hearing.

An analogous situation is found in <u>Mallen</u>, where a bank officer was suspended without pay.  486 U.S. at 232.  The Supreme Court held that the impairment of Mallen's interest in pursuing his livelihood required the FDIC to hold a post-deprivation hearing within 30 days.  <u>Id.</u> at 242-43.  In another analogous situation, in which this Court addressed the seizure of peddlers' wares by the NYPD where no regulation or statute provided for a hearing, the Court held that a post-deprivation opportunity to contest the confiscations must be held within 30 days of the seizure. <u>Eagle v. Koch</u>, 471 F.Supp. 175, 179-80 (S.D.N.Y. 1979).

**Conclusion**

Balancing Plaintiffs' right to be heard with the City's administrative needs, the Court finds that due process requires that a post-deprivation hearing should have been provided to Olinville within 30 days of the NYPD's October 9, 2001 suspension

of its license to sell firearms.   Therefore, Plaintiff's damages

begin to accumulate from November 9, 2001 onward.


      It is so ordered.


New York, NY
October 26, 2010

ROBERT W. SWEET
U.S.D.J.