UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

ANGELA SPINELLI and OLINVILLE
ARMS, INC.,

                    Plaintiffs,

                                          02 Civ. 8967 (RWS)
     - against -
                                          OPINION

CITY OF NEW YORK and PASQUALE
CARABELLA, NEW YORK CITY POLICE
SARGEANT,

                    Defendants.

----------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11110
```

**Sweet, D.J.**


        Through two letters dated October 22, 2010, the Parties

have filed several motions in limine.  These motions were fully

submitted on October 27, 2010.  They are resolved below.


**Both Parties' Motions to Preclude Evidence Related to the Basis
for the Suspension of Olinville's Firearm Dealer's License**

        Plaintiffs seek to exclude evidence of the security

conditions at Olinville and the state of alert of the New York

City Police Department ("NYPD") on grounds that such evidence is

irrelevant to this trial for damages and prejudicial.  Defendants

1

seek to prevent Plaintiffs from presenting evidence challenging the basis for the NYPD's suspension of Olinville's license.

The propriety of license revocation is not at issue. The Second Circuit already found that "[t]he record demonstrates that the City had sufficient cause to take 'prompt action' to address the security infractions at Olinville observed by [Captain] McSherry. [Plaintiffs], while downplaying these infractions, [have] never disputed them, and indeed, took strong action to remedy them." Spinelli v. City of New York, 579 F.3d 160, 171 (2d Cir. 2004). The Circuit court then remanded the case to this court for resolution of the damages arising from the violation of Plaintiffs' procedural due process rights. Id. at 175.

However, Defendants may introduce the License Division Incident Notification Report, Incident Investigation - Final Report, and November 20, 2001 Memorandum as background if these documents are qualified pursuant to FRE 803(6).

**Defendants' Motion to Dismiss and Preclude Evidence in Support of Plaintiffs' Tortious Interference with Business Claim**

Plaintiffs, in their opposition letter dated October 26, 2010, state their intention to withdraw their tortious interference claim in light of Defendants' arguments.

**Defendants' Motion to Preclude Plaintiff Spinelli's Claim for Emotional Distress and Evidence in Support of That Claim**

Defendants have moved the Court to dismiss Spinelli's claim for emotional distress as a matter of law, claiming that she cannot have suffered emotional distress where her due process rights were not violated as Olinville, not Spinelli, held the license to sell firearms.

Emotional distress damages may be awarded in a § 1983 case where a plaintiff demonstrates that "he actually suffered distress because of the denial of procedural due process itself." Carey v. Piphus, 435 U.S. 247, 263 (1978); see also Miner v. City of Glen Falls, 999 F.2d 655, 662 (2d Cir. 1993).

Under the Due Process Clause of the Fourteenth Amendment, corporations are considered persons and may bring actions under 42 U.S.C. § 1983 for due process violations. Sterngass v. Bowman, 563 F. Supp. 456, 460 (S.D.N.Y. 1983). A corporation's ability to "bring suit under section 1983 eliminates the need for recognition of a right in shareholders to

3

bring suit on the corporation's behalf." Id. at 459.  Therefore,
"[a] shareholder – even the sole shareholder – does not have
standing to assert claims alleging wrongs to the corporation."
Jones v. Niagara Frontier Trans. Authority, 836 F.2d 731, 736 (2d
Cir. 1987); see also Warth v. Seldin, 422 U.S. 490, 499 (1979)
(plaintiff "cannot rest his claim to relief on the legal rights
or interests of third parties").

          Spinelli attempts to refute Defendants' contention that
the license was only issued to Olinville by pointing to the
Second Circuit's opinion in this case, which referred to a
violation of "Spinelli's due process rights" and "Spinelli's
license" being reinstated.  Spinelli v. City of New York, 579
F.3d 160, 174 (2d Cir. 2004).  However, the use of Spinelli's
name in these instances did not constitute a finding that
Spinelli was the licensee, nor was the issue of Spinelli's
emotional damages presented to the Court of Appeals.[1]

          The License Division Incident Notification Report lists
"Olinville Arms" as the licensee; the License Division Incident
Investigation – Final Report lists "Olinville Arms, Inc. (Angela
Spinelli)" as the licensee; and the November 20, 2001 Memorandum
refers to a "Firearms Dealers License of the premise listed

---

1 On appeal the court referred to "Olinville's license" in the facts section

4

above," referring to Olinville Arms.  Therefore, it appears that
Olinville was the licensee whose due process rights were
violated, and Spinelli may not claim emotional damages based on
the violation of Olinville's rights.  However, in the event that
evidence is presented creating an actual issue as to the identity
of the licensee, that issue will be resolved by the jury.  If it
is resolved in Spinelli's favor, she may present evidence as to
her emotional distress.


**Defendants' Motion to Limit Plaintiffs' Damages to Nominal
Damages to the Extent Plaintiffs Cannot Establish That
Olinville's License Would Have Been Restored**

        The defendants contend that the plaintiffs are entitled
to only nominal damages arising out of the defective notice for
the period from the October 9, 2001 suspension to November 8,
2001, the date on which it has been determined that the post-
deprivation hearing should have been held.  Thereafter, according
to Defendants, Plaintiffs are entitled to only nominal damages
until the date Plaintiffs establish that Olinville's license
would have been restored had their due process rights not been
violated.  In other words, Defendants claim that Plaintiffs may
only obtain compensatory damages for the period between the date
when they prove Olinville's license would have been restored had

---

of its opinion.  Spinelli, 579 F.3d at 164-66.

no due process violations occurred and December 5, 2001, the date

when Olinville's license was actually restored.  Defendants

contend that Plaintiffs were not actually harmed until the date

the license would have been restored after the post-deprivation

hearing.  Def. October 22, 2010 Letter at 5-6.


        However, the Second Circuit held as follows:

> The district court must permit Spinelli to
> prove her damages, by computing the loss from
> the time the City should have provided a
> prompt post-deprivation hearing until
> December 5, 2001, when the suspension was
> lifted and the firearms were returned.

Spinelli, 579 F.3d at 175.


        In order to recover compensatory damages for injuries

arising from a constitutional violation, a plaintiff must

demonstrate that she suffered an actual injury caused by the

constitutional violation.  Soto v. Lord, 693 F. Supp. 8, 20

(S.D.N.Y. 1988).  Where a plaintiff fails to prove actual injury,

she is "entitled to recover nominal damages not to exceed one

dollar." Id., quoting Carey, 435 U.S. at 254-57.


        In Carey, the Supreme Court, addressing a § 1983 claim

based on the failure to provide adequate post-deprivation

hearings to suspended public school students, expressly adopted

the Circuit Court's holding that "if [the defendants] can prove

6

on remand that [the plaintiffs] would have been suspended even if a proper hearing had been held, then [the plaintiffs] will not be entitled to recover damages to compensate them for injuries caused by the suspensions." Id. at 260 (internal citations and quotations omitted); see also Kerman v. City of New York, 374 F.3d 93, 123 (2d Cir. 2004) (citing Carey for the proposition that "when a defendant has deprived the plaintiff of liberty or property without affording him a hearing as required by the Due Process Clause, but the defendant proves that the adverse action would have been taken even if a proper and timely hearing had been held, the plaintiff has not proved compensable injury and is entitled only to nominal damages.").

Under Carey, once Plaintiffs prove that they have suffered actual injuries as a result of the due process violations at issue in this case, Defendants bear the burden to show that the failure to provide adequate notice and a post-deprivation hearing did not cause Plaintiffs' injuries.[2] Soto,

---

2 The allocation of the burden to prove that the constitutional violation did not cause the plaintiff's losses because the same result would have occurred absent the violation has been at issue. In Miner v. City of Glen Falls, 999 F.2d 655 (2d Cir. 1993), the Court held that "[i]n this Circuit, the burden is normally on the plaintiff to prove each element of a § 1983 claim, including those elements relating to damages. It was therefore [the plaintiff's] burden to show that the property or liberty deprivation for which he sought compensation would not have occurred had proper procedure been observed." Id. at 660 (internal citations omitted). In restating the standard from Miner, this Court in Burka v. New York City Transit Authority, 747 F. Supp. 214 (S.D.N.Y. 1990), noted that "this rule is more burdensome on plaintiffs than the rule adopted in the majority of other circuits," where the burden is placed on the defendant. Id. at 221, citing Patterson v. Coughlin, 905 F.2d

693 F. Supp. at 21.  Defendants may carry this burden by "proving that the same result would have been reached absent the due process violation[s]."  Id.

It is so ordered.

New York, NY
November  /  , 2010

ROBERT W. SWEET
U.S.D.J.

---

564, 568-69 (2d Cir. 1990).  Placing the burden on the defendant to prove that the constitutional violation had no actual effect follows the standard stated in Carey and confirmed in Kerman and parallels the burden placement in the majority of circuits.  It is deemed appropriate here where the notice of suspension has been held inadequate.