UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ANGELA SPINELLI and OLINVILLE
ARMS, INC.,

     Plaintiffs,

            02 Civ. 8967 (RWS)

 - against -

            OPINION

CITY OF NEW YORK and PASQUALE
CARABELLA, NEW YORK CITY POLICE
SARGEANT,

     Defendants.

------------------------------------------X

**Sweet, D.J.**


   In a letter dated November 4, 2010, Plaintiffs asked
the Court to reconsider its holding that Plaintiff Angela
Spinelli ("Spinelli") is not entitled to seek damages for
emotional distress arising from injuries caused by the suspension
of Plaintiff Olinville Arms, Inc.'s ("Olinville's") license to
sell firearms without due process of law.


   As an initial matter, Plaintiffs may recover damages
for emotional distress in an action under § 1983 for violations
of their due process rights.  See Miner v. City of Glen Falls,
999 F.2d 655, 662-63 (2d Cir. 1993).

1

Plaintiffs present the Court with a Ninth Circuit case holding that, in a § 1983 action alleging harm to a company, "a shareholder does have standing where he or she has been injured directly and independently of the corporation." Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1318 (9th Cir. 1989), citing Shell Petroleum, N.V. v. Graves, 709 F.2d 593, 595 (9th Cir. 1983), cert. denied, 464 U.S. 1012 (1983). Even where the direct and independent injury done to the shareholder plaintiff arises from the same conduct as that which injured the corporation, the shareholder may still have a distinct claim. Id. at 1319, citing Gomez v. Alexian Bros. Hosp., 698 F.2d 1019, 1021 (9th Cir. 1983); Marshall v. Kleppe, 637 F.2d 1217, 1222 (9th Cir. 1980). However, a shareholder plaintiff may not merely allege a personal economic injury arising from a wrong to the corporation. Id. at 1318. In Sorrano's Gasco, the officer plaintiffs presented a direct and independent claim under the First Amendment, claiming that the defendants' actions against the corporation were taken in retaliation for the officers' criticism of the defendants' policies and practices. Id. at 1313, 1319. The Court is unaware of Second Circuit precedent disagreeing with the Ninth Circuit's holding.

2

Plaintiffs also direct the Court to Robinson v. Davis, No. 07 Civ. 265 (JGM), 2010 U.S. Dist. LEXIS 110147 (D. Vt. Oct. 15, 2010). In that case, an individual brought claims for lost earnings and emotional distress arising from state officials' alleged retaliatory conduct against the organization for which he served as executive director in response to complaints he filed against a state agency. The court relied on Ninth Circuit cases, including Sorrano's Gasco and Gomez, in allowing the plaintiff's emotional damages claims to withstand a motion for summary judgment. Id. at *5. The court found that the plaintiff's First Amendment claims for emotional damages were independent and direct. However, it also found that his claim for lost earnings was "not cognizable as it is derivative of [the organization's] damage claims and [the plaintiff's] status as an employee." Id. at *6-7; citing Caravella v. City of New York, 79 Fed. Appx. 452, 453 (2d Cir. 2003) (affirming dismissal where plaintiff's alleged injuries were indirectly caused by harm to corporation and therefore were not "distinct" from those of the corporation).

Plaintiff Spinelli may recover for emotional damages if she establishes that she (1) suffered a direct and independent injury (2) of mental and emotional damages (3) through loss of business relationships (4) from Defendants' failure to provide

adequate notice and an adequate post-deprivation hearing
regarding the suspension of Olinville's firearm dealer's license.

Plaintiffs, in a letter dated November 5, 2010, ask the
Court to reconsider its finding that Olinville, not Spinelli, was
the licensee for the firearm dealer's license.   Plaintiffs cite
Title 38 of the Rule of the City of New York § 1-02, which provides
that a principal agent "refers to the person who is in active
charge of the dealership" and that "Dealer's licenses are issued to
individuals."   The licenses at issue plainly state that Olinville
Arms, Inc. was the licensee.   Spinelli was listed on one license as
Olinville's sole officer, which may be construed as listing
Spinelli as the principal agent.   This fact leans toward allowing
Plaintiff to present her claim for emotional damages.

It is so ordered.

New York, NY
November    , 2010

_____
ROBERT W. SWEET
U.S.D.J.

4