UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ANGELA SPINELLI and OLINVILLE ARMS,
INC.,

                Plaintiffs,

  -against-

THE CITY OF NEW YORK,

                Defendant.

------------------------------------X

02 Civ. 8967

OPINION

**Sweet, D.J.**

        Plaintiffs Angela Spinelli ("Spinelli" or the "Plaintiff") and Olinville Arms, Inc. ("Olinville") (collectively, the "Plaintiffs") have moved pursuant to Federal Rule of Civil Procedure 59 to amend the judgment in order to include an award of pre-judgment interest. Plaintiffs submitted their letter motion on July 27, 2011, and the motion was considered filly submitted on August 17, 2011. Upon the conclusions set forth below, the motion is denied.

        Pursuant to Fed. R. Civ. P. 59(e), a party seeking to amend a judgment must file its motion within 28 days of the entry of that judgment. Motions to add pre-judgment interest

are covered by Rule 59(e). Goodman v. Heublein, Inc., 682 F.2d 44, 45 (2d Cir. 1982).

Plaintiffs suggest that the inclusion of pre-judgment interest was mandatory, in which case its omission would constitute a clerical error under Fed. R. Civ. P. 60, and Plaintiffs would avoid Rule 59(e)'s time restrictions. See Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 40-42 (2d Cir. 1979) (holding that where the levy of pre-judgment interest was mandatory, its omission may be remedied pursuant to Rule 60 as a clerical error.) However, if an award of pre-judgment interest is subject to the discretion of the trial court, a motion for its inclusion is governed by Rule 59(e). See Mech. Tech., Inc. v. Ryder Truck Lines, Inc., 776 F.2d 1085, 1089 (2d Cir. 1985) (holding that, where award of pre-judgment interest is discretionary, a motion to add pre-judgment interest may not be recast as a motion to fix a clerical error under Fed. R. Civ. P. 60 in order to avoid the Rule 59(e) time barrier).

Plaintiffs rely on Gierlinger v. Gleason, 160 F.3d 858 (2d Cir. 1998), and Turley v. NYPD, 988 F. Supp. 675 (S.D.N.Y. 1997) rev'd on other grounds at 167 F.3d 757 (2d Cir. 1999), to claim that pre-judgment interest is mandatory in this case. In

2

Gierlinger, the Second Circuit held that it was an abuse of discretion for the district court not to add pre-judgment interest to awards of back pay in employment cases. 160 F.3d at 873-74. In so holding, the Court noted that pre-judgment interest awards are "ordinarily left to the discretion of the district court," and the mandatory inclusion of pre-judgment interest in awards of employee back pay was an exception to the rule brought about by a concern that holding otherwise would incentivize and reward bad behavior by employers. Id. at 874. In Turley, the plaintiff, having prevailed in a § 1983 action, timely moved for pre-judgment interest. The court found that lost profits were akin to back pay for self-employed persons, and, as such, an award of lost profits should be accompanied by an award of pre-judgment interest. 988 F. Supp. at 682. The court also noted that an award of pre-judgment interest serves the remedial purposes of § 1983 by "'deter[ring] public officials from violating citizens' federal rights and… compensat[ing] victims of such official wrongdoing.'" Id. at 683 (quoting Weaver v. Brenner, 40 F.3d 527, 532 (2d Cir. 1994)). However, the court in Turley explicitly awarded pre-judgment interest in its discretion, weighing several factors before arriving at its holding. Id. at 682 (noting that courts have "broad discretion" to award or not award pre-judgment

3

interest) (citations omitted). Turley does not stand for the proposition that an award of pre-judgment interest is mandatory where a party has been awarded lost profits. Plaintiffs have failed to establish that the omission of pre-judgment interest in this case was a clerical error, and they are not entitled to relief under Rule 60.

Judgment was entered on November 16, 2010. Plaintiffs submitted their letter motion seeking to amend the judgment on July 27, 2011, well-beyond 28 days after judgment was entered.

Plaintiffs cite New Shows, S.A. de C.V. v. Don King Prods., No. 99-9019, 99-9069, 2000 U.S. App. LEXIS 6319, at *18-19 (2d Cir. Apr. 6, 2000), for the proposition that pending post-trial motions delay the start of the Rule 59(e) clock for filing a motion to amend the judgment. However, in New Shows, judgment had not yet been entered at the time the parties filed their post-trial motions for a new trial and judgment as a matter of law, though a jury verdict had been rendered three months earlier. Id. at *16-17. The filing of these motions led the court to realize that judgment had not yet been entered, and the court then entered judgment. Id. at *17. The plaintiff's motion to add pre-judgment interest was filed within 10 days of

4

the entry of judgment and was, therefore, timely under Rule 59(e). Id. Contrary to Plaintiffs' suggestion, the delay between the jury verdict and the initiation of the Rule 59(e) clock in New Shows was not the result of pending post-trial motions, but the delayed entry of judgment.

Here, as noted above, judgment was entered over eight months before Plaintiffs moved to add pre-judgment interest. Plaintiffs have not established any basis for an exemption from Rule 59(e); therefore, Plaintiffs' motion is denied as untimely.

**Conclusion**

For the foregoing reasons, Plaintiffs' motion to amend the judgment is denied.

**New York, NY**
**August 25, 2011**

_____
**ROBERT W. SWEET**
**U.S.D.J.**